UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR D. TOWNSEND,

Plaintiff,

v.

MELVIN ENCINA, et al.,

Defendants.

No. 2:20-cv-0342 CKD P

ORDER

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On March 24, 2020, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's complaint with leave to file an amended complaint. Plaintiff has filed an amended complaint.

Again, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In his amended complaint, as in his original, plaintiff asserts that he was denied adequate medical care. Plaintiff claims he sought medical care on January 9, 2019 for what plaintiff

described as a fever blister on his lips. According to plaintiff, defendant Morales diagnosed a cold sore, and defendant Sanchez prescribed a topical cream. Plaintiff applied the cream which caused him pain. Despite the pain, plaintiff continued to apply the cream. On February 6, 2019, plaintiff peeled off the prescription label on the cream provided and learned that the cream should not be applied to an "open wound." The next day, plaintiff returned to the medical department and the cream was discontinued.

In certain circumstances, a prison official's denial or delay of medical treatment can amount to cruel and unusual punishment which is forbidden under the Eighth Amendment. In the court's March 24, 2020 order, plaintiff was informed, that prison official can be liable under the Eighth Amendment if he or she causes injury as a result of at least deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

The allegations in plaintiff's amended complaint do not rise to the level of cruel and unusual punishment. Plaintiff has not shown that his cold sore presented a serious medical need. Further, plaintiff does not point to anything suggesting that the treatment he received was anything more than negligent as opposed to deliberate indifference to plaintiff's condition. Importantly it appears that as soon as plaintiff reported the negative effects of his treatment, the treatment was stopped.

For these reasons, plaintiff's amended complaint will be dismissed. Plaintiff will be given one more opportunity to state a claim upon which relief can be granted in a second amended complaint. The court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes all prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an second amended complaint, the other pleadings no longer serve any function in the case. Therefore, in a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 13) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 21, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
town0342.14(2)