UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEWAYNE TOWNSEND, JR., | No. 2:20-cv-0342 JAM CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| MELVIN ENCINA, et al, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff seeks damages. On December 7, 2020, the court screened plaintiff's second amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on claims arising under the Eighth Amendment against defendants Sanchez and Morales. ECF No. 25 & 29.

Defendants Sanchez and Morales have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that plaintiff failed to exhaust available administrative remedies with respect to his remaining claims prior to bringing suit. The court notes that plaintiff has filed a sur-reply with respect to the motion. Sur-replies are not provided for in the local rules of this court, see Local Rule 230(l), and plaintiff did not seek leave to file a sur-reply. Accordingly, the sur-reply will be stricken.

/////

1  Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be
2  brought with respect to prison conditions under section 1983 of this title, . . . until such
3  administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). In Albino v.
4  Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), the Ninth Circuit found that dismissal of a
5  complaint for failure to exhaust administrative remedies is appropriate under Rule 12(b)(6) only
6  when failure to exhaust is clear from the complaint.

7  Page 6 of plaintiff's second amended complaint reads, in part as follows:

8  Exhaustion of Legal Remedies

9  Plaintiff . . . presented the facts relating to this complaint. On March 19, 2019, plaintiff was sent a response saying that the grievance had been partially granted for investigation.

11  ECF No. 22 at 6.

12  When considering a motion to dismiss under Rule 12(b)(6), the court must accept the
13  allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe
14  the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232,
15  236 (1974). While the court generally cannot consider any material other than the pleading itself
16  in determining whether dismissal under Rule 12(b)(6) is appropriate, Chubb Custom Ins. Co. v.
17  Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013) under the "incorporation by reference"
18  doctrine, a court may consider documents whose contents are alleged in, but not attached to a
19  pleading and whose authenticity no party questions. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th
20  Cir. 2005).

21  Defendants provide a copy of the grievance and response referenced by plaintiff in his
22  second amended complaint. ECF No. 34-2 at 4-9. Plaintiff does not question the authenticity of
23  these documents.[1] Accordingly, the court deems these documents incorporated by reference into
24  plaintiff's second amended complaint.

25  Plaintiff's second amended complaint, plaintiff's grievance and the decision thereon
26  indicate plaintiff grieved certain aspects of his remaining claims, and confirm that plaintiff did not

---

[1] In fact, plaintiff attaches the grievance to his opposition to defendants' motion to dismiss and part of the response.

2

seek any relief beyond the first level of review. The grievance itself and the decision both informed plaintiff that administrative remedies were still available to him following the decision rendered at the first level and would not be deemed exhausted until the grievance was reviewed at the "Headquarters Level."

Plaintiff attempts to excuse his failure to seek relief beyond the first level by indicating he thought that his appeal was granted at the first level. It could be inferred that as a result of plaintiff's grievance he obtained satisfactory medical treatment with respect to a rash, blisters, sores and burns on his lips. But nothing suggests that administrative remedies were no longer available with respect to the actions of defendants Sanchez and Morales which plaintiff alleges caused or prolonged such injuries and which provide the basis for plaintiff's claims for damages which remain in this action.

For all the foregoing reasons, the court will recommend that defendants' motion to dismiss be granted and plaintiff's second amended complaint be dismissed for failure to exhaust available administrative remedies prior to bringing this action.

Finally, the court notes that plaintiff has filed a motion seeking transfer to a different prison due to current conditions of confinement. In light of the fact that the court is recommending that this action be dismissed, and the claims which remain at this point do not involve current conditions of confinement, the court will recommend that this request be denied. The court notes, however, that plaintiff is currently housed at Corcoran State Prison which lies within the geographic area covered by the Fresno Division of this court. If plaintiff seeks relief with respect to conditions at Corcoran, he should commence a separate action in Fresno.

Accordingly, IT IS HEREBY ORDERED that the sur-reply filed by plaintiff on May 10, 2021 (ECF No. 37) is stricken.

/////
/////
/////
/////
/////

IT IS HEREBY RECOMMENDED that:

1. Defendants' March 16, 2021 motion to dismiss (ECF No. 34) be granted;

2. Plaintiff's second amended complaint be dismissed for failure to exhaust available administrative remedies prior to bringing suit;

3. Plaintiff's request for transfer to a different prison (ECF No. 38) be denied as moot; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
town0342.mtd.exh